Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6529 | **DATE** | 4/05/2002 |
| **CASE TITLE** | CKM Partners vs. Phillips Petroleum Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court grants Phillips's motion to dismiss. CKM's RCRA claims (Counts I and II) are dismissed with prejudice. CKM's state law breach of contract, negligence, nuisance and unjust enrichment claims (Counts III-VI) are dismissed without prejudice.

| | Docketing to mail notices. | | APR 1 2 2002 | |
|---|---|---|---|---|
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 18 |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | 02 APR 11 PM 3:03 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CKM PARTNERS, an Illinois )
general partnership, )
 )
    Plaintiff, )
 )
v. ) 00 C 6529
 ) Judge George M. Marovich
PHILLIPS PETROLEUM COMPANY, )
 )
    Defendant. )

DOCKETED
APR 1 2 2002

MEMORANDUM OPINION AND ORDER

Plaintiff CKM Partners ("CKM") filed a six-count Complaint against Phillips Petroleum Company ("Phillips") alleging violations of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6972 (Counts I and II); and state law claims of breach of contract (Count III); negligence (Count IV); nuisance (Count V); and unjust enrichment (Count VI). Phillips has moved to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court grants Phillips's motions.

BACKGROUND

The Complaint alleges the following facts which, for the purposes of ruling on this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). From 1960 to 1979, Phillips owned property located at 8259 South Cicero Avenue, Chicago, Illinois. Phillips operated a gas station on the property where it installed at least six underground tanks to store gasoline, waste oil and heating oil. Those storage tanks subsequently leaked and contaminated the property. In April

1997, CKM, the then owner of the property, notified Phillips of subsurface investigations which resulted in contamination findings. CKM also informed Phillips of its intent to file a citizens suit against Phillips pursuant to RCRA, 42 U.S.C. § 6972(a) and (e). On March 12, 1999, CKM and Phillips executed a Property Access and Settlement Agreement which required Phillips to: (1) investigate and remediate the contamination of the property as required by the Illinois Environmental Protection Agency ("IEPA"); (2) obtain a No Further Remediation ("NFR") letter for the property from the IEPA; and (3) perform these actions in compliance with applicable federal, state and local laws and regulations. Phillips began the work, but did not complete it before the present Complaint was filed on October 20, 2000. During the pendency of this suit, Phillips performed the remainder of the required investigation and remediation, and received an NFR letter from the IEPA on February 23, 2001.

## DISCUSSION

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

I. RCRA Claims

The first two counts of CKM's Complaint sought declaratory and injunctive relief, and monetary damages under RCRA, 42 U.S.C. § 6972(a) and (e). CKM requested that the Court declare that Phillips: (1) was the past owner/operator of the property; (2) contributed to the storage of waste which presents imminent and substantial endangerment to health or the environment; and (3) is responsible for undertaking, at its expense, all necessary remediation action. CKM also requested that the Court enter a permanent injunction requiring Phillips to remediate the contamination at its expense. The NFR letter issued by the IEPA regarding this contamination moots CKM's claims for declaratory or injunctive relief.

All that remains then is CKM's claim for monetary damages under RCRA. However, RCRA does not permit citizen suits for recovery of money spent on past investigation and remediation efforts. See Mehrig v. KFC Western, Inc., 516 U.S. 479, 484 (1996); Avondale Fed. Sav. Bank v. Amoco Oil Co., 170 F.3d 692, 694 (7th Cir. 1999). CKM's desire to be reimbursed by Phillips for its expenditures in dealing with this contamination "certainly seems fair, it is simply not allowed under RCRA." Avondale, 170 F.3d at 695. CKM may yet recover from Phillips "but not in this court and not under RCRA." Id. Thus, CKM's claim for investigation and remediation costs prior to or during this suit must be dismissed.

## II. State Law Claims

In Counts IIII-VI of its Complaint, CKM asserts claims for breach of contract, negligence, nuisance and unjust enrichment under Illinois law. Having granted Phillips's motion to dismiss CKM's RCRA claims, there is no longer a federal claim pending before this Court. Thus, this Court, in its discretion, declines to accept supplemental jurisdiction over CKM's state law claims of breach of contract, negligence, nuisance and unjust enrichment. See, e.g., Vukadinovich v. Board of Sch. Trustees, 978 F.2d 403, 415 (7th Cir. 1992) ("It is well established that if federal claims are dismissed before trial, the federal district courts should generally dismiss the state law claims as well."); Vakharia v. Swedish Covenant Hosp., 987 F. Supp. 633, 643 (N.D. Ill. 1997)("Ordinarily, if a court rules against a plaintiff on all federal claims short of trial the pendent state law claims are dismissed without prejudice."), aff'd, 190 F.3d 799 (7th Cir. 1999). Accordingly, the Court dismisses Counts III-VI without prejudice.

## CONCLUSION

For the reasons set forth above, the Court grants Phillips's motion to dismiss. CKM's RCRA claims (Counts I and II) are dismissed with prejudice. CKM's state law breach of contract,

negligence, nuisance and unjust enrichment claims (Counts III-VI) are dismissed without prejudice.

ENTER:

/s/ George M. Marovich
George M. Marovich
United States District Judge

DATED: April 5, 2002